IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES BOREN and KELLI JANCZEWSKI, individually, and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) No. 16-cv-10957 ) |
| v. | ) ) ) Hon. Matthew F. Kennelly |
| EXPERIAN INFORMATION SOLUTIONS, INC., | ) ) ) |
| Defendant. | ) |

**PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

NOW COME Plaintiffs JAMES BOREN and KELLI JANCZEWSKI ("Plaintiffs"), individually, and on behalf of all others similarly situated, by and through counsel, and for their *Motion for Voluntary Dismissal Without Prejudice* ("Motion to Dismiss"), state as follows:

1. On February 20, 2017, Plaintiffs filed their Second Amended Class Action Complaint ("Amended Complaint") in this matter against Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("Defendant"). (Dkt. # 18).

2. Plaintiffs now move the Court to dismiss this action, without prejudice, pursuant to Fed. R. Civ. P. 41(a)(2) ("Rule 41").[1]

3. Dismissal pursuant to Rule 41 "is within the sound discretion of the district court." *United States v. Outboard Marine Corp.*, 789 F.2d 497, 502 (7th Cir. 1986); *Ratkovich By & Through Ratkovich v. Smith Kline*, 951 F.2d 155, 157 (7th Cir. 1991) ("*Ratkovich I*"). Generally, "plaintiffs should be permitted to dismiss their actions freely" unless "the defendant

---

[1] Plaintiffs' counsel contacted Defendant's counsel regarding stipulating to dismissal without prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), but at the time of the filing of this Motion to Dismiss, Plaintiffs' counsel has not received a response.

will suffer plain legal prejudice." *Ratkovich, By & Through Ratkovich v. Smith Kline & French Laboratories, Div. of SmithKline Beckman Corp.*, 1990 WL 17070, at *3 (N.D. Ill. 1990) ("*Ratkovich II*") (internal citations and quotations omitted).

4. In ruling on this Motion to Dismiss, the Court is to consider: "(1) the defendant's effort and expense in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation for the need to take a dismissal; and (4) the defendant's filing of a motion for summary judgment." *Wells Fargo Bank, N.A. v. Younan Properties, Inc.*, 2013 WL 251203, at *1 (N.D. Ill. 2013) (*aff'd,* 737 F.3d 465 (7th Cir. 2013)) (citing *Ratkovich I*, 951 F.2d at 158). Plaintiffs are not required to demonstrate that "each and every such factor be resolved in [their] favor" but rather, these factors are "simply a guide for the trial judge, in whom the discretion ultimately rests." *Tyco Laboratories, Inc. v. Koppers Co., Inc.*, 627 F.2d 54, 56 (7th Cir. 1980). As set forth below, these factors indicate that dismissal without prejudice is appropriate in this case.

5. First, this case has only recently begun, and the parties have not engaged in any significant litigation activities. Plaintiffs filed their Amended Complaint just over one week ago, and Defendant has yet to file an Answer to the Amended Complaint. Moreover, the parties have not engaged in any discovery, or any significant motion practice. Therefore, Defendant has not expended any significant effort or incurred any significant expenses in litigating this matter. Indeed, when a "case is still in its preliminary stages [and] the parties have not taken discovery and no scheduling order has been entered," dismissal without prejudice is appropriate. *Wellin v. Wellin*, 2014 WL 234216, at *11 (D.S.C. 2014); *see also*, *Tyco*, 627 F.2d at 56 (holding that where only limited discovery has occurred, and no counterclaim has been filed, there is no "plain

2

legal prejudice" so as to "preclude dismissal" without prejudice); *Wells Fargo*, 2013 WL 251203 at *1 (same).

6. Second, Plaintiffs have been diligent in litigating this matter, and have complied with all the Court's requirements to date. *See*, *Wellin*, 2014 WL 234216 at *11; *Wells Fargo*, 2013 WL 251203 at *1. For example, Plaintiffs sent a settlement letter to Defendant, as required by the Court's standing initial order ("Standing Order"), prepared for the Rule 16(b) status hearing by discussing with Defendant the matters contemplated by the Court's Standing Order, and Plaintiffs' counsel attended the single status hearing in this matter, which was held on January 31, 2017 (Dkt. # 14). Plaintiffs have not engaged in any excessive delay, as this Motion to Dismiss was filed nine (9) days after Plaintiffs filed their Amended Complaint in this matter. *Cf. Ratkovich I*, 951 F.2d at 158 (upholding a dismissal with prejudice where plaintiff failed to timely respond to discovery, cooperate in litigation, and pursed a claim for several years despite obtaining no evidence supporting her claim); *Pace v. S. Exp. Co.*, 409 F.2d 331, 334 (7th Cir. 1969) (affirming denial of a Rule 41 motion to dismiss on the bases "that the case had already been pending for one and one-half years, that considerable discovery had been undertaken at substantial cost to the defendant, and that defendant had already briefed its motion for summary judgment").

7. Third, Plaintiffs have significant justification for dismissal, without prejudice, at this time. After litigation had begun in this case, this Court granted summary judgment in favor of Defendant in a substantially similar case, *Jackson v. Experian Information Solutions, Inc.*, Case No. 15-cv-11140, Dkt. # 97, (N.D. Ill. February 16, 2017) (Kennelly, J.). On the same day, a similar order was entered by Judge St. Eve in favor of Defendant in the case *Pappas v. Experian Information Solutions, Inc.*, Case No. 15-cv-08115, Dkt. # 124, (N.D. Ill. February 16,

2017) (St. Eve, J.). Based on these decisions, Plaintiffs believe that additional investigation into the nature of their claims is necessary before pursuing their claims against Defendant.[2] Indeed, dismissal without prejudice would enable Plaintiffs to evaluate the factual and legal bases of their claims, and would avoid potentially unnecessary briefing on Plaintiffs' current claims against Defendant.

8. Finally, Defendant has not filed a motion for summary judgment in this case. Generally, dismissal without prejudice is inappropriate where a plaintiff files a Rule 41 motion to avoid an adverse decision relative to summary judgment. *See, e.g.*, *Pace*, 409 F.2d at 334. However, that concern is inapplicable here, as the parties have yet to engage in *any* discovery, let alone the discovery necessary to support any motion for summary judgment.[3]

9. Given the lack of significant litigation activities undertaken in this matter—including the lack of any discovery or dispositive motions—the prompt nature of Plaintiffs' Motion to Dismiss, and Plaintiffs' need for additional investigation into Plaintiffs' claims—which was not apparent at the time Plaintiffs filed suit—dismissal without prejudice is warranted in this case.

WHEREFORE, Plaintiffs JAMES BOREN and KELLI JANCZEWSKI, individually, and on behalf of all others similarly situated, pray that the Court enter an order dismissing this case, without prejudice, pursuant to Rule 41, and for any other relief the Court deems appropriate.

---

[2] Plaintiffs do not concede that their claims are precluded by the decisions in *Jackson* and *Pappas*.
[3] Even if Defendant were to file a motion for judgment on the pleadings, such a motion should not be considered relative to this factor. *Wellin*, 2014 WL 234216 at *11.

Plaintiffs JAMES BOREN and KELLI JANCZEWSKI, individually, and on behalf of all others similarly situated,

By:   s/Matthew C. De Re.
     Thomas A. Zimmerman, Jr.
     *tom@attorneyzim.com*
     Matthew C. De Re
     *matt@attorneyzim.com*
     ZIMMERMAN LAW OFFICES, P.C.
     77 West Washington Street, Suite 1220
     Chicago, Illinois 60602
     (312) 440-0020 telephone
     (312) 440-4180 facsimile
     Firm ID No. 34418
     www.attorneyzim.com

     Mohammed O. Badwan
     Ahmad T. Sulaiman
     SULAIMAN LAW GROUP, LTD.
     900 Jorie Blvd., Suite 150
     Oak Brook, Illinois 60523
     (630) 575-8181 telephone
     (630) 575-8188 facsimile
     www.sulaimanlaw.com

Counsel for the Plaintiffs and Classes

## **CERTIFICATE OF SERVICE**

Thomas A. Zimmerman, Jr., an attorney, hereby certifies that he caused the above and foregoing *Motion for Voluntary Dismissal Without Prejudice* to be served upon counsel of record in this case via the U.S. District Court CM/ECF System, on this day March 1, 2017.

s/Matthew C. De Re